In the Matter of the Claim of ARTHUR MOSHER, Respondent v. JACOB RUPPERT et al., Appellants. WORKMEN COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding for disability due to Heberden's nodes, found to be an occupational disease contracted in claimant's employment in a brewery for over 24 years, the last 13 years of that period as a filling machine operator, the board finding that his duties required "the constant and strenuous use of his hands in a wet and cold atmosphere operating a machine filling bottles or cans with beer at the rate of about 300 per minute, the beer at a temperature of from 30 to 34°." Appellants deny occupational relationship; and their medical experts were of opinion that the condition was not related to the occupation. The board was, of course, entitled to reject their conclusions and to accept, as it did, that of claimant's expert who testified that, "It was my opinion with reasonable medical certainty, and with my knowledge, that the work did precipitate this [condition]." This physician

had previously reported his "opinion that since [claimant's] work involves constant use of the hands, grabbing the bottles and working in cold temperatures, that this is an occupational disease, which has been precipitated and aggravated by the man's work." The board was not obliged to discard the doctor's opinion because he said, also that "the exact etiology of Heberden's nodes" was not known. Although the "precise cause of [Raynaud's] disease was unknown", it was found to be an occupational disease and an award for disability caused by it was affirmed in *Matter of Benware* v. *Benware Creamery* (22 A D 2d 968, affd. 16 N Y 2d 966), which is similar to the case before us in other respects as well. Nevertheless, and despite what was said as to unknown etiology, the same physician in effect likened claimant's work to women's housework and said "we have always felt that the Heberden's nodes in women were related to their occupation and that is why it was present, and not in men". Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.